OPINION OF THE COURT
William J. Regan, S.
The court, pursuant to a complaint of Mrs. Lee Placey, the administratrix of the estate of Leocadia Wydro, scheduled this matter for a status report with regard to a claim for legal fees by Broderick Legal Clinic concerning the services rendered in this estate.
It appears that Mrs. Lee Placey contacted the Broderick Legal Clinic shortly after the death of the decedent herein and on March 3, 1978, entered into a retainer agreement with said clinic for handling the estate of the decedent. The agreement is reflected by a letter written on the Broderick Legal Clinic stationery dated March 3, 1978, signed by Flora Lisa Miller, attorney at law, and an employee of Broderick Legal Clinic, acknowledging the following fee: "If the estate assets are between more than $50,000 but less than $75,000, the attorney’s fee will be $900. If the estate assets are between more *1093 than $75,000 but less than $100,000, the attorney’s fees will be $1,100.”
The Broderick Legal Clinic commenced an action by service of a summons upon the administratrix for the legal services rendered in the handling of this estate, seeking the recovery of the sum of $3,720.
A review of the estate reflects that the taxable estate amounts to $107,000. The probate assets of this estate amounted to approximately $82,000, the difference being represented by a bank account which was in the name of the decedent and a joint tenant in the sum of $25,000. According, therefore, to the retainer agreement, the fee for services rendered in this estate should have been $1,100.
Broderick Legal Clinic has outlined the various services rendered in the handling of this estate. It is alleged that the administratrix failed to inform the legal clinic with regard to all of the distributees of the decedent and that this failure resulted in the rendition of extra legal services with regard to the handling of this estate. The administratrix, of course, denies this allegation and maintains that all the pertinent information required of her was furnished. Mr. Broderick, in his affidavit, stated that a demand for payment for said services was made on the administratrix and refused. He further states in his affidavit: "I decided that if I was not going to be paid the fee originally discussed, I might just as well not be paid the full fee by statute, so I increased my demand, taking into account the additional work necessitated by her refusal to cooperate, etc., and went to Court.”
It is very disturbing to this court that the Broderick Legal Clinic in this matter resorted to the commencement of a lawsuit in another court to recover fees which were rendered in the handling of an estate. SCPA 2110 clearly defines and outlines the procedure which is available to attorneys as well as fiduciaries in a proceeding wherein the legal fee must be fixed and determined.
The court is further disturbed with the fact that the attorney in this proceeding not only sued in another forum, but also sued to recover an amount in excess of an amount agreed to prior to the rendition of said services. Any attorney who enters into a retainer agreement such as was entered into in this matter, will be bound by said agreement regardless of the complexity involved in the handling of the estate. It is presumed by this court that any attorney who agrees to enter *1094 into a retainer will evaluate the amount of time and complexity of the estate before fixing a dollar retainer agreement.
There is no dispute that the administratrix has paid the Broderick Legal Clinic the sum of $805 which included reimbursement of disbursements in the amount of $440, leaving a balance due therefore of $735. The court hereby fixes and determines the compensation for the legal services rendered by Broderick Legal Clinic in this matter in the amount of $1,100. The administratrix is, therefore, directed to pay to Broderick Legal Clinic the sum of $735.